# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Noel Maldonado,                          :
                              Petitioner   :
                                         :
              v.                         :    No. 931 C.D. 2021
                                         :    SUBMITTED: February 4, 2022
City of Philadelphia (Workers'           :
Compensation Appeal Board),              :
                             Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  July 26, 2022**


           Claimant, Noel Maldonado, petitions for review of the order of the
Workers' Compensation Appeal Board affirming the decision and order of the
workers' compensation judge (WCJ) granting Employer City of Philadelphia's
petition to modify his benefit status from total disability to partial disability.
Claimant asks the Court to declare Act 111 of 2018 (Act 111),[1] which replaced
former Section 306(a.2) of the Workers' Compensation Act[2] (referred to as "Act,"
unless otherwise specified) with Section 306(a.3),[3] providing for the current

---

[1] Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. § 511.3.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111.

[3] Section 306(a.3) of the Act, *as amended*, added by Section 1 of the Act of October 24, 2018, P.L. 714, 77 P.S. § 511.3 (relating to medical examination and impairment rating).

impairment rating evaluation (IRE) process under which his benefit status was modified, unconstitutional. We affirm.

The facts are not at issue, presenting a pure question of law. In 2005, Claimant's left knee was injured during the course of his employment, which resulted in Employer's issuance of a notice of compensation payable. In November 2019, Employer requested an IRE of Claimant, which happened on February 6, 2020. The physician-evaluator saw Claimant, took a history, reviewed medical records, and performed a physical examination. The physician-evaluator determined that Claimant had reached maximum medical improvement and performed an impairment rating pursuant to the American Medical Association's Guides to Evaluation of Permanent Impairment, Sixth Edition (second printing, April 2009) (AMA Guides), as required by Section 306(a.3)(1) of the Act, 77 P.S. § 511.3(1). The physician-evaluator converted Claimant's 9% lower-extremity impairment to a 4% whole-person impairment. Based on the IRE findings, Employer filed its petition to modify, which the WCJ granted pursuant to Section 306(a.3), modifying Claimant's benefit status from total to partial.

Claimant appealed the WCJ's decision and order to the Board, arguing that the application of Section 306(a.3) retroactively to an injury occurring before the effective date of that section was unconstitutional. The Board affirmed on the merits, noting that its scope of review does not include constitutional issues, citing *Ligonier Tavern v. Workers' Compensation Appeal Board (Walker)*, 714 A.2d 1008, 1009 n.7 (Pa. 1998). Thereafter, Claimant appealed to this Court.

Claimant raises a single issue: whether Act 111 is unconstitutional.

Claimant first argues that because Act 111 changes how disability benefits are determined, it is a substantive amendment to the Act which may only

2

apply prospectively.  Claimant contends that the right to indemnity benefits under the Act becomes a vested right when an employer acknowledges or a WCJ rules that the employee has suffered a work-related injury.  Claimant's argument is as follows:

> Prior to [the enactment of Section 306(a.3)], indemnity benefits were based upon a loss of earning power. [Section 306(a.3)] alters this calculation by applying the IRE provision to an injured worker, thus changing the measure of those benefits from disability to an impairment rating, without any regard as to how that impairment impacts the worker's ability to earn wages.

(Claimant's Br. at 11.)  The argument proceeds that the General Assembly cannot retroactively impair those rights, both as a matter of due process principles and the Remedies Clause of the Pennsylvania Constitution, Pa. Const., art. 1, § 11, precluding a retroactive change to a substantive right already determined; "[b]ecause total disability benefits were open-ended under the . . . Act, converting those to partial disability benefits [limited to 500 weeks from the date of the IRE] is unconstitutional." (Claimant's Br. at 12).

Claimant looks back to the original scheme of the Act, under which "disability" was defined by loss of earning power.  *See Unora v. Glen Alden Coal Co.*, 104 A.2d 104, 107 (Pa. 1954).  This changed with Act 57 of 1996,[4] which allowed that after an employee had received 104 weeks of total disability compensation, he or she was subject to reassignment to partial disability if the employee's impairment was below a certain percentage under the AMA Guides. The partial disability rate is the same as the total disability rate but limits the

---

[4] Act of June 24, 1996, P.L. 350.

employee's benefits to 500 weeks.[5]  Former Section 306(a.2) was ultimately stricken as unconstitutional because it was an impermissible delegation of legislative authority to a private entity (the American Medical Association) by reference to "the most recent edition" of the AMA Guides.  *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 836 (Pa. 2017) (*Protz II*).  The General Assembly then enacted Act 111, which substantially reenacted the former IRE process under Section 306(a.2), but also, *inter alia*, cured the constitutional defect identified by the Courts by referring to a specific edition and printing of the AMA Guides.  77 P.S. § 511.3.  Of note to this case, Section 3 of Act 111, which was not codified, provided that an insurer must be given credit for weeks of total or partial disability compensation paid prior to the effective date of October 24, 2018.  Section 3 of Act 111, 77 P.S. § 511.3, Historical and Statutory Notes.

Claimant asserts that this retroactive application of Act 111 is unconstitutional for two reasons: first, it allows Employer to request an IRE based on weeks of indemnity benefits paid prior to the effective date and, second, it applies the IRE provision to an injury before the effective date, limiting benefits that would otherwise be open-ended.  (Claimant's Br. at 19.)  Claimant thus argues that he has been deprived of a vested right to wage loss benefits as a property right.  (*Id.*)

Claimant cites *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020) (*en banc*), for its holdings that Section 3 of Act 111 did not evince a clear intention to apply Act 111 retroactively in its entirety and that Act 111 constituted a substantive change in the law, thus

---

[5] The 500-week period for partial disability benefits, based on a showing that the claimant has recovered some degree of earning power, predated the 1996 enactment of the previous IRE provisions, which also adopted the 500-week period.  *See Goodrich v. Workmen's Comp. Appeal Bd. (Shenango China)*, 645 A.2d 302, 303-04 & nn.3-4 (Pa. Cmwlth. 1994).

4

rendering its retroactive application unconstitutional. However, this case is readily distinguishable. Both holdings pertained to the question then at hand, an employer's argument that an IRE performed prior to the effective date of Act 111—under the unconstitutional former Section 306(a.2)—could be used to change a claimant's status to partial disability; it is this question we answered in the negative. *Id.* Further, the Court stated explicitly that if the employer pursued a new IRE under Act 111 following the procedures of Section 306(a.3), it "would be entitled to credit for the weeks of partial disability benefits paid" prior to the effective date. *Id.* at 563. In this case, the IRE of Claimant was performed after the effective date of Act 111.

Claimant next asserts that because he has a "clear, vested property right in the indemnity benefits being received" (Claimant's Br. at 25), to divest him of that right by what he insists is an unconstitutional statute would violate due process and the Remedies Clause of the Pennsylvania Constitution, Pa. Const., art. I, § 11.[6] However, this argument proceeds from the assumption that continuation of total disability benefits is a vested right, which—as Claimant acknowledges (Claimant's Br. at 33-34)—this Court squarely rejected in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021). *See also DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, ___ A.3d ___, ___ (Pa. Cmwlth., No. 878 C.D. 2021, filed June 13, 2022). In *Pierson*, we rejected the claimant's constitutional claims, holding that while a workers' compensation claimant does have a "certain right to benefits until such time as he is found to be

---

[6] The Remedies Clause of the Pennsylvania Constitution is found at Article I, Section 11. It provides in relevant part as follows: "[a]ll courts shall be open; and every man for an injury done him in his . . . person . . . shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const., art. I, § 11.

ineligible for them," there are also "reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1179. We explained that claimants did not "automatically lose anything by the enactment of Act 111," which "simply provided employers with the means to change a claimant's disability status" by a different means. *Id.* Following *Pierson*, this Court has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in workers' compensation benefits because there is no right to ongoing total disability status. *DiPaolo*, ___ A.3d at ___ (citing cases).

Further, Claimant's assertions implicitly rest on the proposition that when our Supreme Court struck Section 306(a.2) in *Protz II*, that provision was void *ab initio*, as though it had never been enacted in 1996, and that the law reverted to its pre-Act 57 status. However, this, too, has never been held to be the case, as we explained in *DiPaolo*. *Id.* at ___.

In light of the foregoing, we affirm.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Noel Maldonado,  :
         Petitioner  :
        :
        v.  :   No. 931 C.D. 2021
        :
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
        Respondent  :

# **O R D E R**

AND NOW, this 26th day of July, 2022, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita